**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DAVID PERDOMO-GONZALEZ; NORA DEL CARMEN CARDONA-MENDOZA; M.E.P.C.; D.E.P.C., | No. 23-1953 |
| Petitioners, | Agency Nos. A240-196-226 A240-196-227 A240-196-228 A240-196-229 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 2, 2024
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Petitioners David Perdomo-Gonzalez ("Perdomo"), Nora del Carmen

Cardona-Mendoza ("Cardona"), and their children M.E.P.C and D.E.P.C. seek

review of a decision by the Board of Immigration Appeals ("BIA") affirming the

Immigration Judge's ("IJ") denial of their applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

removal, and relief under the Convention Against Torture ("CAT").  Our review is limited to those grounds "explicitly relied upon" by the BIA.  *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).  We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

1.    Substantial evidence supports the BIA's denial of Petitioners' claims for asylum and withholding of removal.  Petitioners failed to demonstrate that their alleged future persecution was based on "membership in a particular social group." 8 U.S.C. § 1101(a)(42); *accord* 8 U.S.C. § 1231(b)(3)(A).  The IJ found Petitioners' proposed group to be "El Salvadorans who refuse to collaborate with gangs."  For such a group to be cognizable under the INA, it must be "socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). This "inquiry encompasses principles that will ordinarily demand some type of corroborative, objective evidence." *Diaz-Torres v. Barr*, 963 F.3d 976, 982 (9th Cir. 2020).  Petitioners here present only generalized evidence that "paints a picture of all segments of the [El Salvadoran] population being adversely affected" by gangs and thus did not show that their society views the proposed social group as distinct.  *Id.* at 981.

2. Substantial evidence also supports the BIA's denial of Petitioners' claims for relief under CAT. To be eligible for CAT relief, Petitioners must show that any potential future torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003)). "[G]eneral ineffectiveness on the government's part to investigate and prevent crime [does] not suffice to show acquiescence." *Id.* Here, Petitioners never contacted law enforcement about their encounters with gang members, and their documentary evidence shows only generalized problems of gang violence in El Salvador. They thus cannot demonstrate that any potential future torture would take place "with the consent or acquiescence of a public official."

3. Petitioners also argue that the IJ violated their due process rights by failing to develop the record as to a family-based social group for Cardona, M.E.P.C., and D.E.P.C. We review de novo challenges to due process at an immigration merits hearing. *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir. 2003). To prove a due process violation, Petitioners must show that "(1) the proceeding was 'so fundamentally unfair that [they] w[ere] prevented from reasonably presenting [their] case'" and that (2) "the outcome of the proceeding

3

may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986)).

We have held that "where an applicant is not represented, the IJ has an affirmative duty to ensure that the record is fully developed for the benefit of the applicant." *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc).  The IJ here developed Petitioners' claims by soliciting testimony around the potential social group of "El Salvadorans who refuse to collaborate with gangs."  Moreover, even if the IJ had specifically advised Petitioners of the requisites for proving the existence of a particular social group or attempted to develop the record around any additional cognizable social groups, Petitioners fail to show that they would have presented evidence that was not already offered and that would have supported the existence of any additional cognizable social groups.  The applications submitted by Cardona, M.E.P.C., and D.E.P.C. were identical to Perdomo's and did not contain any additional evidence or arguments in favor of relief.  Cardona's testimony similarly did not present information or argument beyond what was provided by Perdomo.  And focusing on family as the pertinent

particular social group, even if otherwise viable, would have required jettisoning

any claim by Perdomo himself, which his family was unlikely to do.[1]

**PETITION DENIED.**

---

[1] For similar reasons, the BIA did not violate Petitioners' due process rights by considering the applications of Cardona and the children as derivative of Perdomo's. Perdomo was not granted withholding or relief under the CAT. The applications of Cardona and the children included no separate evidence or arguments in favor of such relief. So the error by the BIA in treating the applications of Cardona or the children for that relief as unavailable is of no relevance.